UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MARCUS T STRINGER #95301     CIVIL ACTION NO. 21-cv-3760

VERSUS     CHIEF JUDGE HICKS

T WILEY     MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

### Introduction

Marcus T. Stringer ("Plaintiff") is a self-represented inmate housed at the Caddo Correctional Center. He alleged in this complaint—which is one of 18 he filed between September 2021 and July 2022—that Deputy Coiya Wiley slammed a cell door on his right hand. Before the court are competing motions for summary judgment (Docs. 16 & 24). For the reasons that follow, it is recommended that Plaintiff's motion be denied and that Defendant's motion be granted.

### The Allegations

Plaintiff alleged that he was housed at the Caddo Correctional Center on October 18, 2021. He pulled his cellmate's bed bunk out to make room for cleaning. Deputy Wiley approached and told Plaintiff that he could not clean his cell. Plaintiff alleged that he then tried to return the bunk to the cell, but Deputy Wiley "slam the door on my right hand" and pulled out mace and threatened to harm him. Plaintiff alleged that he "put up no defense to show a threat to her." He said he went to medical and was told that a "bone in my right knuckle was push back." Plaintiff insists that this incident was recorded on video that will

support his allegations. He prays for $150,000 in damages and for Deputy Wiley to be fired.

**Summary Judgment Burdens**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). A fact is "material" if it might affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2510 (1986). A dispute is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party. Anderson, supra; Hamilton v. Segue Software Inc., 232 F.3d 473, 477 (5th Cir. 2000).

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that it believes demonstrate the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 106 S.Ct. 2548 (1986). If the moving party carries his initial burden, the burden then falls upon the nonmoving party to demonstrate the existence of a genuine dispute of a material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S.Ct. 1348, 1355-56 (1986).

This case presents the typical situation in which the defendant has moved for summary judgement, but it also presents the less common motion by a plaintiff for summary judgment. Plaintiff, to prevail on his motion, must present evidence that would entitle him to judgment as a matter of law if it went uncontroverted at trial. International Shortstop, Inc. v. Rally's, Inc., 939 F.2d. 1257, 1264 (5th Cir. 1991). When assessing the plaintiff's motion, all facts and inferences are viewed in the light most favorable to the

defendant, and all reasonable doubts are resolved in the defense's favor. Puckett v. Rufenacht, Bromagen & Hertz, Inc., 903 F.2d 1014, 1016 (5th Cir. 1990).

**The Summary Judgment Evidence**

Plaintiff's motion for summary judgment (Doc. 16) consists of a paragraph that repeats the allegations in the complaint and contends that Plaintiff has witnesses (unspecified) and that the incident is on video. Plaintiff adds in a memorandum (Doc. 18) that Deputy Wiley's attack on him will be shown by the video footage. He states that he was sent to medical and, after an x-ray, a medical attendant told him that his "bone was push back and out of place." Neither the motion nor the memorandum contains competent summary judgment evidence. Larry v. White, 929 F.2d 206, 211 n. 12 (5th Cir. 1991) ("Unsworn pleadings, memoranda, or the like are not, of course, competent summary judgment evidence.").

Deputy Wiley responded with competent summary judgment evidence. Her declaration made pursuant to 28 U.S.C. § 1746 states that on October 18, 2021 she was assigned to Housing Unit A. "I did not attack inmate Marcus Stringer or use any force on him. I did not slam his right hand in the cell door." Deputy Wiley adds that she was not aware of any request made by Plaintiff for medical treatment following their interaction that day. Wiley's declaration in compliance with 28 U.S.C. § 1746 is competent summary judgment evidence. Hart v. Hairston, 343 F.3d 762, 764 n.1 (5th Cir. 2003); Cooper v. Fisher, 676 Fed. Appx. 355, 357 (5th Cir. 2017).

Deputy Wiley's motion is also accompanied by a declaration from the facility's health services director, and the director attached copies of Plaintiff's medical records for

the relevant time. The records include a note on October 18, 2021 that shows a sick call by Plaintiff that stated he had a possible fracture to the right hand and alleged that a deputy slammed a door on his hand. The finding was that he "had some swelling," but per the camera in the housing unit he had no injuries noted at the time of the incident. Plaintiff was given an ice pack and wrapped. An x-ray was not ordered because Plaintiff was "walking around cracking his knuckles."

The medical director also points to medical records showing that, a few days later (October 23), Plaintiff complained that his hand was broken. He was seen in medical on October 25 and x-rayed. The findings were "multiple views of the right hand do not show evidence of fracture, dislocation, or lytic or blastic lesions." Everything was intact and "within normal right hand."

The director adds that Plaintiff has complained of an injury to his right hand since 2013. Medical records from 2019 and other dates before the alleged incident with Deputy Wiley include an x-ray report that noted "previous healed fracture of the second metacarpal" of the right hand. The x-ray report from October 2021 compared the findings to earlier records and again noted the old, healed fracture with only some soft tissue swelling that was not present in the prior study.

Deputy Wiley's motion is also accompanied by a declaration from Captain Sharon Piggs, who attaches a true and correct copy of the video of the interaction between Deputy Wiley and Plaintiff on October 18, 2021. The video is just under four minutes long. Plaintiff was housed in cell number 8, and the video begins by showing an inmate (not Plaintiff) cleaning in the area. That inmate departed, and Plaintiff entered the cell, and

movement within the cell can be seen. As a female deputy casually approached the area, Plaintiff removed a bunk from the cell. The deputy held up her hand as if to indicate that Plaintiff was to stop. Plaintiff dropped the bunk and began arguing with the deputy. The deputy calmly leaned against the open door while Plaintiff moved his arms in an agitated manner. At one point the deputy began to close the door, but she stopped while Plaintiff stood in the doorway. She then opened the door wider, and Plaintiff continued to argue and wave his arms. The deputy eventually closed the door while Plaintiff held his hand on the outside door handle. There is no indication that his hand was harmed in the slightest when the door closed. Plaintiff kept his hand on the handle for a few seconds after the door closed, as the two continued their conversation, then he causally removed his hand, and the deputy walked away. Plaintiff then began to walk across the pod in the direction the deputy departed, all the while appearing to argue and move his hands about as he walked out of camera range. At the end of the video, Plaintiff walked back into camera range, still waving his arms. There is no indication anywhere in the video that the deputy applied any force to Plaintiff or that Plaintiff suffered any harm, not even the slightest.

     Plaintiff has asked repeatedly that the court view the video. He makes no argument that the video presented by Deputy Wiley is not a recording of the encounter he described in his complaint. The video contains no support for Plaintiff's allegations. Such video may be considered on a motion for summary judgment, and the court affords greater weight to the facts evident from video recordings taken at the scene. Newman v. Guedry, 703 F.3d 757, 761 (5th Cir. 2012); Carnaby v. City of Houston, 636 F.3d 183, 187 (5th Cir. 2011).

**Analysis**

Neither the complaint nor Defendant's motion states whether Plaintiff was a pretrial detainee or a convicted prisoner at the time of the incident. Accordingly, it will be assumed that plaintiff was a pretrial detainee, which status may entitle him to a lesser burden to establish certain claims. The claims of a pretrial detainee are governed by the Due Process Clause, rather than the Eighth Amendment that applies to claims by convicted prisoners. Baughman v. Hickman, 935 F.3d 302, 306 (5th Cir. 2019) ("The Eighth Amendment ensures the safety of convicted prisoners while due process under the Fourteenth Amendment protects pretrial detainees.").

To prevail on a claim of excessive force, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 135 S.Ct. 2466, 2473 (2015). Objective reasonableness turns on the facts and circumstances of each particular case, and a court must make the determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight. Id.

Deputy Wiley met her burden of presenting evidence that demonstrates the absence of a genuine dispute of material fact with respect to an excessive force or any other claim. The burden then fell to Plaintiff to demonstrate the existence of a genuine dispute of a material fact. Plaintiff presented no competent evidence in support of his motion or in response to Wiley's motion, so he has not met his burden. The only competent summary judgment evidence, that presented by Deputy Wiley, does not allow a finding that excessive force was used against Plaintiff. Deputy Wiley is entitled to summary judgment on the

merits. Jones v. Anderson, 721 Fed. Appx. 333 (5th Cir. 2018) (affirming summary judgment on prisoner's excessive force claim when he presented no competing competent evidence); Turner v. Baird, 707 Fed. Appx. 290 (5th Cir. 2017) (affirming summary judgment on prisoner's various claims when the only competent evidence came from the defendants).

**Three Strikes Rule; Other Sanctions**

Plaintiff made serious allegations of excessive force, and the video evidence he suggested would support his claims did nothing of the sort. The video and medical records demonstrate that Plaintiff's complaint is based on a patently false allegation. The court found that Plaintiff did the same thing in Stringer v. Seay, 21-cv-3914, where Plaintiff alleged that a different female deputy entered his cell and kicked him in the stomach at the site of his colostomy bag, then left him lying on the floor bleeding and asking for help. Just as in this case, surveillance video and Plaintiff's medical records reveal that nothing of the sort happened. Deputy Seay actually never entered the cell or made any observable contact with Plaintiff. A report and recommendation to grant summary judgment for the defendant is pending in that case.

Plaintiff filed this suit in forma pauperis as allowed by 28 U.S.C. § 1915. The statute provides that the court shall dismiss the case at any time if the court determines that the action is frivolous or malicious. Section 1915(e)(2)(B)(i). An allegation that a plaintiff knows to be false is malicious, and a complaint containing only such allegations is properly subject to dismissal under Section 1915(e)(2). Hewitt v. Bedford, 2014 WL 7793873, *6 (W.D. La. 2014), aff'd, 652 Fed. Appx. 256 (5th Cir. 2016).

The significance of characterizing a dismissal as one under the statute is that a prisoner may not bring a civil action or appeal as a pauper if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a federal court that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

For the reasons stated above, the evidence shows that this case and 21-cv-3914 were based on knowingly false allegations and equated to a fraud on the court and an abuse of the privilege of being allowed to file without payment of a filing fee. It also makes this a malicious action that is subject to dismissal under the statute. If the recommendations of dismissal are accepted by the district judges in this case and 21-cv-3914, each should count as a strike under the three strikes rule of Section 1915.

If Plaintiff accumulates three strikes, that will affect his ability to later file new complaints as a pauper. But it will not in itself affect the multiple pending suits already filed by Plaintiff. There are, however, other means of addressing such abusive filings. The court may structure sanctions as are necessary or warranted to control its docket and maintain the orderly administration of justice. See Goldgar v. Office of Administration, 26 F.3d 32, 36 n.3 (5th Cir. 1994); Mendoza v. Lynaugh, 989 F.2d 191 (5th Cir. 1993); Moody v. Miller, 864 F.2d 1178, 1179 n.2 (5th Cir. 1989). Sanctions which may be imposed include monetary sanctions, assessment of court costs, suspension of a plaintiff's right to proceed in forma pauperis until all previous litigation costs are paid, or other

appropriate sanctions.  Id.; Lay v. Anderson, 837 F.2d 231 (5th Cir. 1988); Mayfield v. Collins, 918 F.2d 560, 562 (5th Cir. 1991).

If the court finds that any of Plaintiff's other civil actions is equally malicious, that will constitute a third strike.  The court will also consider imposing a sanction of revoking pauper status in *all* of Plaintiff's pending suits and requiring Plaintiff to pay the $402.00 filing fee if he wishes to proceed with an action.  If Plaintiff does not pay the filing fee in such a situation, the civil action will be dismissed.  Plaintiff should, therefore, carefully consider whether he wishes to proceed with or voluntarily dismiss some of his other complaints.  He may wish to avoid obtaining a third strike or the imposition of additional sanctions in the event that in the future he is the victim of an actual civil rights violation and would like to file suit in forma pauperis.

Accordingly,

It is recommended that Plaintiff's Motion for Summary Judgment (Doc. 16) be denied.  It is further recommended that Defendant's Motion for Summary Judgment (Doc. 24) be granted and that all claims against Deputy Wiley be dismissed with prejudice.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 27th day of September, 2022.

Mark L. Hornsby
U.S. Magistrate Judge